Lonnie D. Giamela (SBN 228435)
    E-Mail:  lgiamela@fisherphillips.com
J. Misa Keelan (SBN 322129)
    E-Mail:  mkeelan@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile:  (213) 330-4501

Attorneys for Defendant
ASHLEY FURNITURE INDUSTRIES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| IVAN ROSAS TORRES,<br><br>                        Plaintiff,<br><br>        v.<br><br>ASHLEY FURNITURE INDUSTRIES, LLC, a Wisconsin limited liability company; and DOES 1 through 50, inclusive,<br><br>                        Defendants. | CASE NO.:<br><br>*[Removed from San Bernardino Superior Court, Case No. CIVSB2308631]*<br><br>**DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446**<br><br>Complaint Filed:   April 12, 2023<br>Trial Date:      None Set |

DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL

**TO PLAINTIFF, HIS COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant ASHLEY FURNITURE INDUSTRIES, LLC, ("AFI" or "Defendant") by and through its counsel of record Fisher & Phillips LLP, hereby submits this Notice of Removal and Petition to Remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (Eastern Division) pursuant to 28 U.S.C. §§ 1332 and 1441(b). The grounds for removal are as follows:

## I.   STATEMENT OF JURISDICTION

1.     This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below. See 28 U.S.C. §§ 1332, 1441(b).

## II.   VENUE

2.     This action was filed in the California Superior Court for the County of San Bernardino. Thus, venue properly lies in the United States District Court for the Central District of California (Eastern Division). See 28 U.S.C. §§ 84(c), 1391, and 1441.

## III.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3.     On April 12, 2023, Plaintiff IVAN ROSAS TORRES ("Plaintiff") filed a civil action in the San Bernardino County Superior Court entitled *Ivan Rosas Torres v. Ashley Furniture Industries, LLC, and DOES 1 through 50*, Case No. CIVSB 2308631 ("State Lawsuit"). See Declaration of J. Misa Keelan ("Keelan Decl."), ¶3, **Exhibit A.**

**4.** On May 15, 2023, Plaintiff served AFI with the Summons, Civil Case Cover Sheet, Complaint, Certificate of Assignment, Notice of Trial Setting Conference and Notice of Case Assignment. Keelan Decl., ¶4, **Exhibit B**. Plaintiff's unverified complaint alleges eight (8) causes of action for: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), (2) failure to accommodate disability in violation of FEHA, (3) failure to engage in interactive process in violation of FEHA, (4) retaliation in violation of FEHA, (5) harassment in violation of FEHA, (6) failure to prevent harassment, discrimination and retaliation in violation of FEHA, (7) wrongful termination in violation of public policy, and (8) violation of Business & Professions Code § 17200 et seq. Keelan Decl., ¶3, **Exhibit A**.

**5.** AFI filed its Answer and Affirmative Defenses to Plaintiff's unverified complaint on June 12, 2023. Keelan Decl., ¶5, **Exhibit C**.

**6.** As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon AFI in the State Lawsuit. Keelan Decl., ¶7.

**7.** This Notice of Removal is timely filed because it is filed within thirty (30) days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based. *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (11th Cir. 1999). In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

**IV.    GROUNDS FOR REMOVAL**

   **A. Complete Diversity of Citizenship Exists Between Plaintiff and AFI.**

   ***a. Citizenship of Plaintiff.***

**8.** For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.,*

DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL
FP 47405962.1

1  704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857

2  (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the

3  intention to remain). Residence is prima facie evidence of domicile. *Mondragon v.*

4  *Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto.*

5  *Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo,*

6  *LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). In

7  fact, it is presumed that a natural person's residence is also his or her domicile, and

8  a party resisting this presumption bears the burden of producing contrary evidence.

9  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

10        9.    In his Complaint, Plaintiff alleges that he is "a male resident of the

11  County of San Bernardino, State of California." *See* Keelan Decl., ¶3, **Exhibit A**,

12  Complaint at ¶1. Nothing in the Complaint or other pleadings suggest otherwise.

13  Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

14                    ***b. Citizenship of AFI.***

15        10.   At the time of the filing of this action, AFI was and continues to be a

16  limited liability corporation. *See* Declaration of Kristine Cegielski ("Cegielski

17  Decl."), ¶3.

18        11.   For diversity purposes, in determining the citizenship of a limited

19  liability company, courts look to the citizenship of each member of the company.

20  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006);

21  *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456–57 (1900) (refusing to

22  extend the corporate citizenship rule to a "limited partnership association" although

23  it possessed "some of the characteristics of a corporation"). *Strotek Corp. v. Air*

24  *Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir. 2002) (unincorporated

25  associations are not legal entities independent of their members).

26        12.   At all times alleged in the State Lawsuit, at the time of the filing of

27  this action, and at the time this Notice of Removal was filed, AFI was (and is) a

28  limited liability company organized in the State of Wisconsin with its principal

DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL
FP 47405962.1

place of business in Arcadia, Wisconsin. *See* Cegielski Decl., ¶¶3-4 **Exhibit E**. All major corporate functions and positions are located in Arcadia, Wisconsin. *Id*. Moreover, at the time this action was filed and at the time this Notice of Removal was filed, AFI had one (1) member. Cegielski Decl., ¶3. A review of AFI's corporate records shows that AFI's sole member is a corporation, incorporated in Wisconsin with its principal place of business in Arcadia, Wisconsin. Cegielski Decl., ¶3.

13.    Accordingly, because AFI's sole member is a citizen of the State of Wisconsin, AFI is similarly a citizen of the State of Wisconsin.  As such, diversity of citizenship exists between Plaintiff and AFI.

c. *Citizenship of Doe Defendants.*

14.    The Complaint also names as Defendants DOES 1 through 50 ("Doe Defendants"). The alleged Doe Defendants named in the Complaint are not considered in assessing diversity. *See, e.g., Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690–91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

15.    Because Plaintiff is a citizen of California and no member of AFI is a citizen of California, complete diversity of citizenship exists in this matter.

B. **The Amount in Controversy Requirement is Satisfied.**

16.    Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

17.    The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include

only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014). A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

18.    While AFI adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages, based upon the allegations contained in the Complaint, the amount of controversy in this action exceeds $75,000, exclusive of interest and costs. For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Moreover, the amount in controversy can be determined from the Complaint or from other sources, including statements made in the notice of removal. *See Kanter*, *supra*, 265 F.3d at 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez*

DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL
FP 47405962.1

*v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

19.     AFI employed Plaintiff, as a Distribution Center Laborer working in the Distribution Center of AFI's Redlands location. *See* Keelan Decl., ¶3, **Exhibit A,** Complaint at ¶13; Cegielski Decl., ¶5.

20.     Plaintiff began work in September 2013, and was terminated on or about January 28, 2023. Keelan Decl., ¶3, **Exhibit A**, Complaint at ¶¶13, 34.

21.     At the end of his employment, Plaintiff's base hourly rate was $15.50. Cegielski Decl., ¶6, **Exhibit F**. During his roughly nine (9) years of employment, Plaintiff worked an average of thirty-seven (37) hours per week at his base hourly rate. Cegielski Decl., ¶6, **Exhibit F**. As such, Plaintiff's annual salary was approximately $29,822.00 as of the date of the end of Plaintiff's employment (calculated as $573.50 weekly salary [$15.50 per hour x 37 hours] times 52 weeks). Cegielski Decl., ¶¶6-7, **Exhibit F**.

22.     Plaintiff asserts he has suffered lost wages, lost benefits, continued lost income, and continued emotional distress. Keelan Decl., ¶3, **Exhibit A**, Complaint, "Prayer for Relief."

23.     Plaintiff also accuses AFI of carrying out actions against Plaintiff in a malicious, fraudulent, and oppressive manner with wanton disregard of Plaintiff's rights, thereby entitling him to punitive damages. Keelan Decl., ¶3, **Exhibit A**, Complaint at ¶Prayer for Relief.

24.     The Complaint asserts eight (8) causes of action, and in all causes of action Plaintiff seeks damages for loss of earnings and/or benefits. Keelan Decl., ¶3, **Exhibit A**, Complaint, "Prayer for Relief."

25.     Plaintiff also seeks economic and non-economic damages, exemplary

and punitive damages, and attorneys' fees and costs.[1] Keelan Decl., ¶3, **Exhibit A**, Complaint, "Prayer for Relief."

26. As discussed above, Plaintiff's employment with AFI ended on or about January 28, 2023. Cegielski Decl., ¶5; *see also,* Keelan Decl., ¶3, **Exhibit A**, Complaint at ¶34. Between the date of his termination and the date of this Notice of Removal, approximately 19.5 weeks have passed. Accordingly, Plaintiff's backpay is $11,183.25 as of the instant filing (calculated as $573.50 weekly salary [$15.50 per hour x 37 hours] times 19.5 weeks), not accounting for potential pay increases. However, Plaintiff seeks lost wages from the date of his end of employment through trial. Here, if the matter were to stay in state court, the trial setting conference is scheduled for November 13, 2023, meaning that trial would likely not be held until at least April 15, 2024, although in all likelihood would be set much later. Based on this reasonable assumption and Plaintiff's assertion of entitlement to backpay through trial, Plaintiff's putative backpay award would represent roughly 35 weeks of backpay, or roughly $20,072.50 (calculated as $573.50 weekly salary [$15.50 per hour x 37 hours] times 35 weeks). Alternatively, assuming that trial in federal court is set for one (1) year from the filing of this Notice of Removal (that is, approximately 72 weeks after Plaintiff's employment ended) Plaintiff's backpay will be approximately $41,292.00 (calculated as $573.50 weekly salary [$15.50 per hour x 37 hours] times 72 weeks). As such, Plaintiff's claim for lost wages alone almost satisfies the amount in controversy requirement. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (defendants' calculation that plaintiff would be owed more than $75,000 in backpay

---

[1] AFI does not concede that Plaintiff has stated a claim upon which relief can be granted, that he suffered any damages, or that AFI is responsible for any alleged damages. AFI reserves all defenses.

DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL
FP 47405962.1

1  if she was wrongfully terminated sufficient to establish amount in controversy);

2  *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310,

3  at *2 (N.D. Cal. Dec. 22, 2014).

4      27.   Plaintiff's potential front pay damages are also considered in

5  establishing the amount in controversy. *See Chavez*, 888 F.3d at 417-18 (where "a

6  plaintiff's complaint at the time of removal claims wrongful termination resulting

7  in lost future wages, those future wages are included in the amount in

8  controversy."). Based on Plaintiff's last weekly pay rate of $573.50, as discussed

9  above, the following table is instructive for Plaintiff's putative front pay award:[2]

| Six Months Front Pay | One Year Front Pay | Two Years Front Pay | Three Years Front Pay |
|---|---|---|---|
| $14,911.00 | $29,822.00 | $59,644.00 | $89,466.00 |

13  Thus, taken together, if Plaintiff is awarded just two (2) years of front pay and his

14  alleged backpay, Plaintiff's claim for lost wages alone exceeds the threshold

15  amount in controversy for diversity jurisdiction.[3]

16      28.   Plaintiff's allegations of emotional distress damages should also be

17  considered when assessing the amount in controversy. *See Kroske*, 432 F.3d at 980;

18  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Plaintiff

19  alleges work-related emotional distress, humiliation, depression, etc. and alleged

20  continued emotional distress. *See* Keelan Decl., ¶3, **Exhibit A**, Complaint, ¶40,

21  "Prayer for Relief." Employment cases rooted in the FEHA alleging similar

22  emotional distress injuries have resulted in verdicts that well exceed the diversity

23  jurisdiction threshold of $75,000. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037

24  (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered

[2] *See Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108, at *4 (N.D. Cal. Jan. 5, 2011) (finding that a calculation of front pay damages based on a thirteen-year front pay award was acceptable for assessing amount in controversy).

[3] Defendant does not concede that Plaintiff is entitled to front pay damages.

DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL
FP 47405962.1

depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); see also *Glenn-Davis v. City of Oakland*, No. C 02- 02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Plaintiff's claim for emotional distress injuries alone establishes the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial).

29. Additionally, Plaintiff's claim for punitive damages should be considered when assessing the amount in controversy. Employment cases rooted in the FEHA have resulted in punitive damages awards exceeding $75,000. *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on

DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL
FP 47405962.1

CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in FEHA discrimination case); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits"). Accordingly, Plaintiff's punitive damages claim establishes the amount in controversy. *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold).

30.     Plaintiff has also demanded attorneys' fees, which are recoverable under the FEHA. If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002). A reasonable estimation of an attorneys' fee award in this case easily exceeds $75,000. *See Lafever v. Acosta, Inc.*, No. C10-01782 BZ, 2011 WL 5416650, at *6 (N.D. Cal. Nov. 8, 2011) (awarding attorneys' fees of $548,243 to successful plaintiff in FEHA case); *Hamed v. Macy's W. Stores, Inc.*, No. CV 10-2790 JCS, 2011 WL 5183856, at *1 (N.D. Cal. Oct. 31, 2011) (awarding $463,401 in attorneys' fees to plaintiff who obtained a jury verdict of approximately $100,000 on FEHA age discrimination claim); *Leuzinger v. Cty. of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009)

(awarding attorneys' fees of $735,500 to partially successful plaintiff in FEHA case); *Pande*, 2008 WL 906507, at *9 (awarding attorneys' fees of $464,938 to plaintiff who prevailed on claims for FEHA retaliation and wrongful termination in violation of public policy).

31.     Based on the foregoing, almost all of Plaintiff's distinct claims for damages independently establish that the amount in controversy in this case exceeds $75,000, and in the aggregate demonstrate that the amount is well above the jurisdictional threshold.

32.     In sum, the evidence in the Complaint itself is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional minimum amount of $75,000.00, exclusive of costs and interest. Accordingly, the State Lawsuit may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## V.     PROCEDURAL PREREQUISITES

33.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the San Bernardino County Superior Court, where the action was filed.

34.     As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Central District of California will be served on Plaintiff's counsel of record Proxy Law Firm LLP. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to the Declaration of J. Misa Keelan as **Exhibit D** (without exhibits because the exhibit is this Notice). In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of San Bernardino.

35.     Pursuant to 28 U.S.C. § 1446 (b)(2)(A)-(C), the only Defendant who

1   has been named and served in this matter consent to removal.

2        36.    This notice is executed pursuant to Rule 11 of the Federal Rules of

3   Civil Procedure.

4        37.    In filing this notice, AFI does not waive any defenses.

5        38.    In filing this notice, AFI does not admit any of the allegations made

6   in Plaintiff's State Lawsuit.

7   **VI.**    **CONCLUSION**

8        39.    Based on the foregoing, AFI prays that the above-described action

9   pending in the Superior Court of California, County of San Bernardino be removed

10   to the United States District Court for the Central District of California (Eastern

11   Division).

12

13   DATE:  June 14, 2023          FISHER & PHILLIPS LLP

14

15                      By: _____
                        Lonnie D. Giamela

16                           J. Misa Keelan
                        Attorneys for Defendant

17                           ASHLEY FURNITURE INDUSTRIES, LLC

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL
FP 47405962.1

**CERTIFICATE OF SERVICE**

       I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

       On June 14, 2023 I served the foregoing document entitled **DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Rana Nader | *Attorney for Plaintiff, Ivan Rosas Torres* |
| Hengameh S. Safaei | |
| PROXY LAW FIRM LLP | |
| 10880 Wilshire Blvd., Suite 1101 | Tel:   (310) 853-8333 |
| Los Angeles, CA 90024 | Fax:  (310) 861-5931 |
| | Email: nader@proxylawfirm.com |
| |        safaei@proxylawfirm.com |

☒    **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

       Executed June 14, 2023 at Los Angeles, California.

Amy Stark
_____    By: _____
     Print Name                                  Signature

FP 47405962.1